(Local Law.)

## Holbrook *et al.* v. The Union Bank of Alexandria.

The turnpike road stock, paid in as a part of the capital of the Union Bank of Alexandria, before its incorporation, became the common property of the association, so as to be subject to be sold and distributed among the members, after the charter, which directed, that the capital stock should consist of money only, was accepted; and those who subscribed the road stock, or their assignees, are not entitled to have the same returned specifically to them.

APPEAL from the Circuit Court for the District of Columbia.

This was a suit in Chancery, instituted in the Court below, by Holbrook and Alexander, against the Union Bank, to recover from the Bank certain shares of road stock, which had been originally subscribed to that Bank by them, and to have an account of the profits of that stock, and a payment of whatever should be found to be due to them. The cause was set down for hearing upon the bill, answer, and exhibits, from which it appeared, that a number of persons formed themselves into an association, for the purpose of carrying on the banking business, for the term of years, in the town of Alexandria, under the name of " The Union Bank of Alexandria." That the association adopted certain articles as the basis of their union; by which articles, it was, among other things, agreed, that the subscribers to the Bank

should be permitted to pay one tenth of their subscription in the stock of certain incorporated road companies, and the other nine tenths in money, at certain periods prescribed in the said articles. That, in pursuance of these articles, the subscriptions to the Bank were filled up, and the stocks of various road companies were subscribed, which stocks were different in their respective values. The articles of association authorized the immediate commencement of the banking business. But they provided for, and contemplated an application to Congress for a charter. The Bank commenced its business without a charter, and carried on its business until the year 1817, when an act of Congress was obtained, incorporating the Bank. This act directed, that the capital stock of the Bank should consist of $500,000, to be paid entirely in money. When this act was passed, a question was raised among the stockholders, whether the road stock was to be returned specifically to the subscribers, or whether it was to be blended together into one general mass, and divided among the subscribers, without regard to the value of the respective stocks. The Little River Turnpike stock was the most valuable at the time it was subscribed, and is now much the most valuable stock; and the plaintiffs, Holbrook and Alexander, having subscribed this stock, insisted that the same should be specifically returned to them. The Court below decided, that they were not entitled to a specific return of this stock, but that it was to be considered the common property of the stockholders, subject to be divided among

them, without regard to the value of their respective stocks; and the cause was brought by appeal to this Court.

1822.

Holbrook
v.
Union Bank
of Alexandria.

The cause was argued by Mr. *Swann*, for the appellant, and by Mr. *Jones*, for the respondent.

*March 20th.*

Mr. Chief Justice MARSHALL delivered the opinion of the Court.

*March 21st.*

The only question is, whether the road stock paid in as part of the capital of the Bank, became the common property of the company, so entirely that it should be sold and distributed among the members, after the charter of incorporation, which directed that the capital should consist of money only, was accepted ; or should be returned specifically to those who subscribed it, or to the assignees of their shares.

The articles of association show that this stock constituted originally a part of the capital; that it was received from each stockholder as so much money; that it constituted the subject on which the Bank traded. Each share represented an equal part of the whole capital, comprehending each description of road stock and of the money paid in ; and there was nothing on the face of the certificate which was transferable, indicating that one share was more valuable than another. If, instead of obtaining the act of incorporation, the company had expired or been dissolved by consent, the shares would have been equal, and would have entitled the holders to equal portions of the whole capital. The dividends, during the continuance of the company, must have been

equal.   Had the road stock been sold, it must have been carried to the credit of the whole company.

Upon every view we can take of this subject, the road stock can be considered only as a component part of each share, all individual property in which was lost on its being transferred to the company. It became consolidated with the other part of the capital, and the charter of incorporation did not produce any change in this respect.

Decree affirmed with costs.